BOOTH, Judge,
dissenting.
I would affirm the judgment below, wherein the trial court ruled, in part, as follows:
“The instrument in question grants to lot owners [including appellee] in Yon’s Addition to Beacon Hill the following rights: ‘ ... a perpetual and exclusive right or easement to walk upon or to use for boating, bathing, and non-commercial fishing purposes and otherwise to enjoy the beaches or waterfront,

The evidence presented shows that the beach area where the septic tank and its attendant drain field would be placed is typical of the gulf beaches in this area of Florida, that is, as described by a witness for plaintiff:
‘Beautiful sand dunes . . . (testimony, page 29).
They’re covered with sea oats and vegetation that you find on the beaches on sand’ (testimony, page 32).
Since holes and ditches in the ground must be dug before the septic tank, drain field, water pipes and well can be constructed, it follows that these structures *372 cannot be installed without interference with the natural contours of the sandy earth and sand dunes, and destruction of the vegetation now growing there. It is this Court’s opinion that any interference with the surface of the ground would have a detrimental effect upon the easement area itself, and would constitute a diminution, however slight, of the rights of those persons who have been granted an easement so that they may ‘walk upon’ and ‘otherwise to enjoy the beaches or waterfront’. Anyone who has observed the beach area in question would be compelled to agree that the very appearance itself of the undisturbed beach adjacent to the water line is one of the unique and attractive features that draw people to the waterfront. Opinions might naturally differ as to the extent to which a person’s use and enjoyment would be interfered with by the laying of water, septic tank lines, and a septic tank; but if the contemplated structures would diminish these easement rights to any degree, this would furnish justification enough, in this Court’s opinion, to grant the injunction. At the very least there would be an interference with the easement area during the period required for excavation and installation of these facilities proposed by Defendants as well as during any service or repair of them.”
Appellants have locations on their property available for the location of septic tank and drain field which would not require interference with appellee’s easement. The trial court considered all these facts and enjoined the construction. The judgment below should be upheld.
I respectfully dissent.